Hitchcock, J.
In this case Palmer was sued as joint maker of the note, although it is not attempted to charge him as principal, but only as surety. To sustain his action the plaintiff offered in evidence the following note:
*43 “ Six months after date, for value received, I promise to pay William Robinson or bearer, ninety dollars, with use.- Warren, June 10, 1845.” ' '
. Signed “John Abell for John W. Abell.”
The note was indorsed as follows : “ William Robinson,”
“N. W. Palmer.”
“I acknowledge notice of N. P., Dec. 9, 1845. N. W. Palmer.”
No. farther testimony was offered.
Upon this evidence the Court, on motion of defendant, non-suited the plaintiff, and this ig the first error complained of. In order to determine whether in this there is any error, it is necessary to ascertain in what character Palmer is to be considered. The name of Robinson,' the payee of the note, is indorsed upon it, and afterward appears' the name of Palmer. Taking the note itself,'and the indorsements thereon, no one would hesitate to say that Palmer,was indorser, and that before he would be made liable, payment must be demanded of the maker, and if not paid, notice must be given. Palmer acknowledged notice of non-payment, but there was no evidence of any demand. There was not sufficient' evidence, then, to take the case to the jury either upon the special or general counts.
The plaintiff in error insists that Palmer is to be considered merely as a maker of the note, and that the only effect of his placing his name upon the back of the instrument is, to give him the character of a surety. Suppose that no other name but that of Palmer had been indorsed, would the production of the noté alone, without other evidence, have been sufficient to warrant a recovery by the plaintiff? This question is answered by this Court in the case of Champion and Lathrop v. Griffith, (13 Ohio R. 228,) in which it was held that the mere indorsement upon a note, of a stranger’s name in blank, is prima facie evidence of guaranty, ljut if made at the time of execution by the other party, or in pursuance of an intention to become responsible, it is an original undertaking, and such person will be held as maker, of the note.. It is said further, that *44 such intention may be proved by parol. According to this decision, it was necessary for the plaintiff to have offered further evidence than the note itself, before he made out a 'prima facie case for recovery against Palmer as maker. And no other evidence being offered, the Court decided correctly in ordering the nonsuit.
After the nonsuit was ordered, the plaintiff moved to have it set aside, and offered proof to show that the indorsement was made at the same time the note was executed. The Court however overruled this motion and entered judgment, and this is assigned for error. Although as - a general rule, I should be disposed to set aside a nonsuit* and admit the evidence in a case like this, I am not aware that there is any principle of law which demands it. I suppose it is a matter which rests in the sound discretion of the- Court, and as the Court of Common Pleas, in the exercise of such discretion, overruled the motion, this Court cannot say that in so doing any rule of law was violated.

Judgment of the Court of Common Fleas affirmed.